UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60441-CIV-COHN

MICHAEL BARNES,

      Magistrate Judge Snow

    Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,

    Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE is before the Court upon Plaintiff's Motion for Remand [DE 5]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. This motion became ripe on April 20, 2007.

### I. BACKGROUND

On March 7, 2007, Plaintiff Michael Barnes filed a complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging that Defendant JetBlue Airways Corporation violated Florida Statute Section 448.101 by terminating Plaintiff's employment with Defendant. On March 28, 2007, Defendant filed a Notice of Removal [DE 1-1] with this Court seeking to remove this case pursuant to 28 U.S.C. §§ 1441 et seq. --- diversity jurisdiction. Plaintiff's Motion for Remand asserts that the amount in controversy does not exceed $75,000.00. Defendant argues that the amount in controversy is met. The parties do not appear to dispute the diversity of citizenship.

Plaintiff was terminated by Defendant on May 9, 2005. His Complaint alleges that his damages are in excess of $15,000, but less than $75,000. His salary at the

time of his termination was $12.10 per hour, with benefits equal to approximately $643 per month.  Affidavit of Jennifer Cavanagh, Exhibit A to Defendant's Response, Redacted Version at DE 12-2.  For the year 2005, (or from January 1, 2005 through May 9, 2005, his date of termination), Plaintiff received gross wages of $8,947.70 and benefits totaling $2,796.66.  Exhibit to Cavanagh Affidavit, DE 12-2.  Thus, on an annual basis, Plaintiff's total compensation from Defendant was approximately $25,317.00 in wages and $7,913.00 in benefits.

However, Plaintiff has presented evidence by sworn declaration that he became reemployed on November 14, 2005, earning about $12,000 per year initially (on a part-time basis) and now earning $14,000 per year (part time).  Declaration of Plaintiff, DE 16.  In addition, Plaintiff received $1,500.00 in unemployment benefits.  Plaintiff states that he is receiving "about the same benefits" at the new position than while employed by Defendant.

## II.  DISCUSSION

The only issue remaining is whether the amount in controversy was present at the time of removal to establish diversity jurisdiction.  On a motion to remand, the removing party bears the burden of establishing jurisdiction.  <u>Tapscott v. M.S. Dealer Serv. Corp</u>., 77 F.3d 1353, 1356 (11th cir. 1996), <u>overruled on other grounds by</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1076 (11th Cir. 2000); <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996).  Where, as here, the plaintiff's state court complaint seeks an unspecified amount of damages, the defendant must establish the amount in

2

controversy by a preponderance of the evidence.[1]  Tapscott, 77 F.3d 1359-60.  When applying this standard, the Court must construe the removal statutes narrowly because there is a strong presumption against federal jurisdiction in the context of removal. Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).   The Court may consider evidence outside of the removal petition. Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

Here, Defendant offers the allegations of Plaintiff's Complaint and its own records as evidence that adding in non-pecuniary compensatory damages, reinstatement or front pay in lieu thereof, and attorney's fees, the total amount will exceed $75,000.  Given the clear evidence of mitigation of damages, the total monetary damages are: $13,300 in lost wages from date of termination through date of reemployment (minus $1,500 in unemployment benefits); $4,000 in lost benefits while unemployed; $13,000 in lost wages for the first year of new employment, representing the difference in salary from Plaintiff's job with Defendant; $3,100 in lost wages for the period from November 14, 2006 through date of filing of this action (based upon Plaintiff's raised part-time salary of $14,000 at the new position).  Thus, the total maximum economic damages are $33,400.

Plaintiff's Declaration also states that he did not seek any medical attention as a

---

[1] Plaintiff incorrectly applies the legal certainty standard to this case; in fact, because Plaintiff has not made a specific demand in the *ad damnum* clause of the complaint, the damages are unspecified, and the preponderance of evidence standard applies.  Tapscott, 77 F.3d at 1360; Golden v. Dodge-Markham Co., Inc., 1 F. Supp.2d 1360, 1363 (M.D. Fla. 1998); Cf. Burns v. Windor Ins. Co., 31 F.3d 1092 (11th Cir. 1994).

result of his termination, effectively conceding that he did not incur any costs of medical care.  The Court notes that such concession could reduce a claim for non-pecuniary "pain and suffering" type damages.  In any event, if successful, Plaintiff will have a valid claim to some form of emotional distress damages.  Though difficult to quantify, such an award could easily match the amount of $33,400 in economic damages.  See cases cited in Defendant's Response at pp. 4-5, DE 8].  Turning next to adding in attorney's fees, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000).  The Court agrees with Defendant that such an award in this case could exceed the damages award.  At a minimum, reasonable fees would be at least a third of any damages award.  Thus, even without addressing the front pay/reinstatement issue (which could accrue at $9,000 per annum in lost wages), the total amount controversy is more likely than not to exceed $75,000.[2]

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand [DE 5] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of May, 2007.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record on CM/ECF

---

[2] With $33,400 in economic damages, perhaps $30,000 in compensatory damages, and more than $20,000 in attorney's fees, the total could reasonably exceed $75,000.